## G. B. HORN v. THE STATE.

CRIMINAL LAW. *Carrying pistol. Officer.* The provisions of the act of 1879, making it lawful for officers and policemen, under proper circumstances, to go armed, does not extend to a private detective, appointed by a mayor, under a city ordinance clothing him with power to ferret out felonies and make arrests, if he had no warrant or *capias* at the time he carried the pistol.

### FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county.　J. M. QUARLES, J.

A. M. GRISHAM for Horn.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

Horn was convicted of carrying a pistol, and appealed to this court.

The case was tried, by agreement, by the judge of the criminal court of Davidson county without a jury, upon facts agreed upon and set out in the record. These facts are, in substance, that "Horn was a regular commissioned private detective, having been appointed by S. M. Wene, mayor of the city of Edgefield," under an ordinance of the city, and at an election in Edgefield he had the pistol on his person, which he drew from his pocket and handed to a friend; that he acted in good faith, believing he had the right by virtue of his office to carry the pistol. But he had no warrant or *capias* for the arrest of any one. It is argued he had the powers of a policeman, but we think not. By the ordinance, Horn was charged with the single duty of making arrests in cases of suspicion of felony, first ferreting such cases out. The act of 1879, cited as justifying him, provides that any officer or policeman while *bona fide* engaged in his official duties in the execution of process, or while searching for or engaged in arresting criminals, etc., may be armed.

Horn does not fall within any of the cases excepted by the statute, and the judgment must be affirmed.